Marc C. Forsythe – State Bar No. 153854
Charity J. Manee – State Bar No. 286481
**GOE FORSYTHE & HODGES LLP**
17701 Cowan
Building D, Suite 210
Irvine, CA 92614
mforsythe@goeforlaw.com
cmanee@goeforlaw.com

Telephone: (949) 798-2460
Facsimile: (949) 955-9437

Attorneys for Defendant Point Break Holdings LLC

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## SANTA ANA DIVISION

| | |
|---|---|
| In re<br><br>THE LITIGATION PRACTICE GROUP P.C.,<br><br>        Debtor. | Case No. 8:23-bk-10571-SC<br><br>Chapter 11 |
| RICHARD A. MARSHACK, CHAPTER 11 TRUSTEE,<br><br>        Plaintiff,<br><br>    vs.<br><br>POINT BREAK HOLDINGS LLC,<br><br>        Defendant. | Adv. Case No. 8:24-ap-01004-SC<br><br>**EVIDENTIARY OBJECTIONS TO DECLARATION OF TONY DIAB IN SUPPORT OF DEFENDANT'S OPPOSITION TO PLAINTIFF'S AMENDED MOTION FOR SUMMARY JUDGMENT**<br><br>Hearing:<br><br>Date:        September 11, 2025<br>Time:        1:30 p.m.<br>Ctrm:        5C |

Defendant POINT BREAK HOLDINGS LLC ("Defendant") hereby submits this

Objection ("Objection") to the Declaration of Tony Diab (the "Diab Declaration") filed July 25,

2025 [Docket No. 56-3].

/ / /

1

| EVIDENCE OBJECTED TO | OBJECTION(S) | COURT'S RULING |
|---|---|---|
| ¶4 – "The consumers that retained LPG to represent them would pay over a period of time via monthly ACH debits from their bank accounts. The monthly payments were meant to cover all legal services LPG provided to the consumers. However, LPG mismanaged the consumers' monthly payments." | **Lack of foundation- FRE 602**, as to the alleged mismanagement of payments and what is meant by the term.<br><br>**Improper Opinion** – FRE 701/702- witness not qualified to offer a legal opinion on whether payments were mismanaged. | Sustained: _____<br>Overruled: _____<br><br><br><br>Sustained: _____<br>Overruled: _____ |
| ¶5 – "LPG collected ACH debits in the range of $250,000,000. The ACH debits should have been deposited into an IOLTA account until earned. Notwithstanding this requirement, substantially all of LPG's ACH debits were either deposited into LPG's operating account or transferred to non-debtor entities, insiders, affiliates, marketing companies and co-conspirators, including but not limited to: 1) $77 million to BAT through June of 2022; 2) substantial amounts were paid to marketing and affiliate companies, some of which I controlled and/or was an insider of; 3) substantial business expenses paid in cash; 4) payments for unnecessary and unrelated personal luxury expenses, including but not limited to sports cars, private jets to Vegas, resorts and luxury hotels, a BMW i8, Mercedes Benz G-Wagon, a luxury box suite at the Anaheim Ducks arena, and luxury watches, among other examples; and 5) other fraudulent transfers to myself and my co-conspirators and other insiders and their affiliated entities for their role in the fraudulent scheme. All of which rendered LPG insolvent requiring LPG to continue to improperly sell ACH debits multiple times over, and to incur new debt in a "Ponzi Scheme" to finance LPG's continued and | **Lack of foundation- FRE 602**, as to the timing of the alleged insolvency of LPG and basis for offered opinion as to "Ponzi scheme."<br><br>**Irrelevant - FRE 402**. Testimony as to "extravagant" expenses paid by LPG in connection with a "fraudulent scheme" or "Ponzi Scheme" is not relevant to the Trustee's claims in this case.<br><br>**Improper Opinion – FRE 701/702**- Witness not qualified to offer a legal opinion on whether the matters asserted, including whether LPG was a Ponzi Scheme or insolvent at any particular point in time. Witness' lay opinion on these matters is not supported by a sufficient foundation. | Sustained: _____<br>Overruled: _____<br><br><br><br>Sustained: _____<br>Overruled: _____<br><br><br><br>Sustained: _____<br>Overruled: _____ |

2

| EVIDENCE OBJECTED TO | OBJECTION(S) | COURT'S RULING |
|---|---|---|
| extravagant existence.." | | |
| ⁋8- "In 2021, I bought out the other owners of Coast Processing and merged its operations with LPG, including Coast Processing's contracts with other marketing affiliates." | **Irrelevant - FRE 402**. Testimony not relevant to claims in this case without specification of the precise timing of alleged buyout particularly where witness admits Coast Processing had its own contracts with "marketing affiliates." | Sustained: _____ Overruled: _____ |
| | **Lack of Foundation- FRE 602.** Witness fails to adequately explain the alleged merging of "operations with LPG." | Sustained: _____ Overruled: _____ |
| ⁋9 – "Despite Coast Processing's operations being merged into LPG, Coast Processing exists as a California corporation in good standing. At all relevant times prior to the buyout, Coast Processing exercised authority, dominion and control over LPG in concert with myself, and at times used the dba "LPG." I am the current chief executive officer, chief financial officer and secretary of Coast Processing." | **Lack of Foundation- FRE 602.** Witness fails to adequately describe what period of time "all relevant times" encompassed, particularly since this declaration is being filed across multiple proceedings. | Sustained: _____ Overruled: _____ |
| | **Irrelevant - FRE 402**. Testimony not relevant to any claim in this proceeding. | Sustained: _____ Overruled: _____ |
| ⁋12 – "Because LPG and its marketing affiliates received only incremental payments over time, LPG would often transfer the future cash flow of consumer payments or work with the marketing affiliates receiving a portion of the monthly consumer payments to transfer their future cash flow to investors, as well as to MCA Lenders/factoring companies, at a discounted rate. The companies that received the ACH Receivables from LPG or its marketing affiliates on account of these files often received a return equal to the difference between the amount the clients owed on the file and the amount paid for the file or a percentage thereof. At all relevant times, LPG understood that the receivables being transferred by LPG or by a marketing affiliate of LPG were LPG receivables that consisted | **Irrelevant - FRE 402**. Testimony not relevant to Trustee's claims. | Sustained: _____ Overruled: _____ |

| EVIDENCE OBJECTED TO | OBJECTION(S) | COURT'S RULING |
|---|---|---|
| of LPG client payments pursuant to agreements the clients had with LPG." | | |
| ¶13 – "LPG transferred ACH Receivables and the associated client files in this fashion to defraud creditors in a pyramid scheme and for improper personal gain." | **Irrelevant - FRE 402.** Testimony not relevant to any claim in this proceeding. | Sustained: _____ Overruled: _____ |
| | **Witness Not Credible.** Witnesses must be subject to cross-examination given his statements against interest which appear to be given solely to assist the Trustee in recovering claims against third parties which incidentally will reduce witness' $100,000,000 liability to the Trustee under Bankruptcy Code section 550(d) or to assist Witness in avoiding criminal prosecution through cooperation or reduction in penalties in the event of criminal prosecution. | Sustained: _____ Overruled: _____ |
| | **Lack of Foundation- FRE 602.** as to the unspecified personal gain or basis for witness' characterization of any gain as improper. | Sustained: _____ Overruled: _____ |
| | **Improper Opinion** – **FRE 701/702**- witness not qualified to offer a legal opinion on whether the matters asserted, including whether LPG was a Ponzi Scheme or insolvent at any particular point in time. Witness' lay opinion on these matters is not supported by a sufficient foundation. | Sustained: _____ Overruled: _____ |
| ¶14 – "LPG's monthly revenue from client files was primarily received via ACH payments. To process ACH payments, LPG was required to enlist the services of ACH payment processing companies who handle high risk transactions. In this regard, I had enlisted numerous ACH processing companies to easily switch between different vendors and have millions of dollars of LPG funds directed to entities I controlled, including but not limited to Vulcan Consulting | **Witness not Credible.** Testimony in paragraph 14 conflicts with the testimony in paragraph 15 as both set forth lists of "ACH payment processing companies" but the lists differ. | Sustained: _____ Overruled: _____ |

| EVIDENCE OBJECTED TO | OBJECTION(S) | COURT'S RULING |
|---|---|---|
| Group ("Vulcan"), Maverick Management Group LLC ("Maverick"), Prime Logix, LLC ("Prime Logix"), LGS Holdco, LLC ("LGS"), and/or Coast Processing. I utilized these other entities' bank accounts as LPG bank accounts." | | |
| ¶15 – "The ACH processing companies LPG used, which I had control over, included, but were not limited to, EPPS; EquiPay; Merit Fund; Authorize.net; World Global; Optimum Bank; BankUnited; Marich Bein; R3volve; FIS; BCB Bank; and Guardian." | **Irrelevant - FRE 402**. Testimony not relevant to Trustee's claims.<br><br>**Witness not Credible.** Testimony in paragraph 14 conflicts with the testimony in paragraph 15 as both set forth lists of "ACH payment processing companies" but the lists differ. | Sustained: _____<br>Overruled: _____<br><br><br>Sustained: _____<br>Overruled: _____ |
| ¶16 – "The largest investor to have purchased LPG ACH Receivables on account of LPG's client files is Validation Partners, LLC ("Validation Partners")." | **Irrelevant - FRE 402**. Testimony not relevant to Trustee's claims. | Sustained: _____<br>Overruled: _____ |
| ¶17 – "Between August 30, 2021, and August 17, 2022, Validation Partners spent $66,000,000 to purchase Accounts Receivables from LPG and 58 of LPG's marketing affiliates. In total, Validation Partners purchased over 40,000 accounts from LPG and its affiliates with a total future value greater than $400,000,000." | **Irrelevant - FRE 402**. Testimony not relevant to Trustee's claims. | Sustained: _____<br>Overruled: _____ |
| ¶18 – "Pursuant to the asset purchase agreement between LPG and Validation Partners, I instructed Validation Partners to deposit a portion of the funds generated by the sale of Accounts Receivable into the LPG account." | **Irrelevant - FRE 402**. Testimony not relevant to Trustee's claims.<br><br>**Inadmissible Hearsay – FRE 802.** Testimony about instructions given to another is hearsay not subject to any exception.<br><br>**Lack of Foundation – FRE 602.** Witness fails to establish a foundation for having given the alleged instructions since a corporation is a legal fiction not capable of receiving instructions. | Sustained: _____<br>Overruled: _____<br><br><br>Sustained: _____<br>Overruled: _____<br><br><br><br>Sustained: _____<br>Overruled: _____ |

5

| EVIDENCE OBJECTED TO | OBJECTION(S) | COURT'S RULING |
|---|---|---|
| ¶19 – "I also instructed other lenders and file purchasers to divert LPG loan proceeds or to deposit money otherwise due to LPG into bank accounts I controlled on behalf of LPG but ostensibly held by Vulcan, Maverick, Prime Logix, LPG and/or Coast Processing. I used all of these proceeds as if they were LPG funds, because they were." | **Irrelevant - FRE 402**. Testimony not relevant to Trustee's claims. | Sustained: _____ Overruled: _____ |
| | **Inadmissible Hearsay – FRE 802.** Testimony about instructions given to another is hearsay not subject to any exception. | Sustained: _____ Overruled: _____ |
| | **Lack of Foundation- FRE 602.** Witness fails to provide sufficient factual detail to establish any foundation. For example, witness never discloses the parties to whom he provided instructions. Testimony fails to establish any foundation for the timing of the events alleged in this paragraph. | Sustained: _____ Overruled: _____ |
| ¶20 – "I also instructed Validation Partners to directly utilize LPG Accounts Receivables and transfer those funds to various affiliates and/or make deposits into LPG accounts." | **Irrelevant - FRE 402**. Testimony not relevant to Trustee's claims and no temporal point is offered to establish relevance. | Sustained: _____ Overruled: _____ |
| | **Inadmissible Hearsay – FRE 802.** Testimony about instructions given to another is hearsay not subject to any exception. | Sustained: _____ Overruled: _____ |
| | **Lack of Foundation- FRE 602**, as to timing of acts alleged. | Sustained: _____ Overruled: _____ |
| ¶21 – "At or around the Petition Date, I transferred or sold approximately 15,000 LPG client files to Oakstone, 12,000 LPG files to CLG, and the remaining LPG files, approximated at slightly less than 40,000, to Phoenix." | **Lack of Foundation- FRE 602.** Witness fails to establish any foundation for his right or ability to personally transfer files of LPG or how the alleged transfer was carried out. | Sustained: _____ Overruled: _____ |
| | **Irrelevant - FRE 402**. Testimony not relevant to Trustee's claims in this case. | Sustained: _____ Overruled: _____ |
| ¶22 – "Pursuant to the asset purchase agreement between LPG and CLG, I instructed CLG to initiate the ACH debits on the transferred files, which it did through Optimum Bank and its processing entity LGS Holdco." | **Irrelevant - FRE 402**. Testimony not relevant to Trustee's claims in this case. | Sustained: _____ Overruled: _____ |
| | **Violates Best Evidence Rule - FRE 1002.** Statement seeks to prove by testimony the content of a writing (the "asset purchase | Sustained: _____ Overruled: _____ |

6

| EVIDENCE OBJECTED TO | OBJECTION(S) | COURT'S RULING |
|---|---|---|
| | agreement"), alleged to exist, without offering the writing, which can only be in Plaintiff's custody or control.  Fed. R. Evid. 1002. | |
| | **Lack of Foundation/Personal Knowledge- FRE 602.** Witness fails to establish his personal knowledge over the bank utilized by CLG or the processing entity allegedly used by CLG. | Sustained: _____<br>Overruled: _____ |
| ¶23 – "At or around the Petition Date, I transferred, for no consideration, approximately 8,000 files (previously transferred to Phoenix) to Hershy Deutsch and Israel Reiches. I instructed Hershy and Israel, by and through their co-conspirators Sam Geiger and Solomon Feig, to initiate the ACH debits on the transferred files, which they did through BCB Bank and a processing entity known as CLG Processing, into accounts, not in the name of LPG, but that held funds of behalf of LPG and disbursed those funds for LPG." | **Irrelevant - FRE 402**. Testimony not relevant to Trustee's claims in this case.<br><br>**Inadmissible Hearsay – FRE 802.** Testimony about instructions given to another is hearsay not subject to any exception.<br><br>**Lack of Foundation/Personal Knowledge- FRE 602.** Witness fails to establish his personal knowledge of the actions of the individuals described in this paragraph, the Bank "they" used, or the difference between the entity referred to as "CLG" in paragraph 22 from the entity referred to in this paragraph as "CLG Processing" or how and by what means Witness purportedly transferred files. | Sustained: _____<br>Overruled: _____<br><br>Sustained: _____<br>Overruled: _____<br><br>Sustained: _____<br>Overruled: _____ |
| ¶24 – "The funds obtained from the ACH debits described in paragraphs 22 and 23 above were deposited in Maverick and Prime Logix accounts, among others." | **Lack of Foundation- FRE 602**, as to amounts and dates of alleged deposits in the different entities' accounts and who the "others" referenced in this paragraph included. | Sustained: _____<br>Overruled: _____ |
| ¶25 – "LPG's ACH Receivables were the primary, if not exclusive source of funds, for Validation Partners, Vulcan, Oakstone, PECC, Prime Logix, Coast Processing, LGS and Maverick. As set forth above, the other sources of funds for these entities are the proceeds of LPG assets (i.e., file purchase account receivable proceeds) or constitute loan proceeds for which LPG alone was liable." | **Lack of Foundation- FRE 602**, as to amounts and dates of alleged deposits in the different entities' accounts and the nature of the alleged deposits or their sources.<br><br>**Improper Opinion – FRE 701/702**- Witness not qualified to offer a legal opinion on whether file purchase account receivable proceeds were "proceeds of LPG assets". | Sustained: _____<br>Overruled: _____<br><br>Sustained: _____<br>Overruled: _____ |

| EVIDENCE OBJECTED TO | OBJECTION(S) | COURT'S RULING |
|---|---|---|
| ¶26 – "I frequently diverted the LPG money pulled from its consumer clients and other funds it received through investors and lenders, to and through these entities. I frequently would direct these entities to pay affiliates (aka marketing cappers), MCA lenders, and others with LPG assets. I would instruct others at LPG and these entities on how to manage and transfer these funds to and from these entities and LPG interchangeability." | **Lack of Foundation- FRE 602**, as to amounts and dates of alleged transactions, as to the term "these entities", the recipients of "directions" and "instructions" and as to time.<br><br>**Inadmissible Hearsay – FRE 802** as to directions and instructions given to unspecified third parties by witness.<br><br>**Irrelevant - FRE 402**. Testimony not relevant to Trustee's claims in this case and particularly not shown to be relevant whatsoever given a lack of time period specified in which the alleged actions occurred. | Sustained: _____<br>Overruled: _____<br><br><br>Sustained: _____<br>Overruled: _____<br><br><br>Sustained: _____<br>Overruled: _____ |

Dated: August 21, 2025

Respectfully submitted by

**GOE FORSYTHE & HODGES LLP**

By: /s/Marc C. Forsythe
    Marc C. Forsythe
    Charity J. Manee
    Attorneys for Defendant
    Point Break Holdings LLC

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is: 17701 Cowan, Suite 210, Bldg. D, Irvine, CA 92614

A true and correct copy of the foregoing document entitled (*specify*): **EVIDENTIARY OBJECTIONS TO DECLARATION OF TONY DIAB IN SUPPORT OF DEFENDANT'S OPPOSITION TO 'S AMENDED MOTION FOR SUMMARY JUDGMENT** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.    TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF):**  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) August 21, 2025, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- **Alan W Forsley**    alan.forsley@flpllp.com, awf@fkllawfirm.com,awf@fl-lawyers.net,addy@flpllp.com,andrea@flpllp.com
- **Marc C Forsythe**    mforsythe@goeforlaw.com, mforsythe@goeforlaw.com; dcyrankowski@goeforlaw.com;Forsythe.MarcR136526@notify.bestcase.com
- **Charity J Manee**    cmanee@goeforlaw.com, kmurphy@goeforlaw.com
- **Richard A Marshack** (TR)    pkraus@marshackhays.com, ecf.alert+Marshack@titlexi.com
- **Sarah S. Mattingly**    sarah.mattingly@dinsmore.com
- **United States Trustee** (SA)    ustpregion16.sa.ecf@usdoj.gov

☐        Service information continued on attached page

**2.    SERVED BY UNITED STATES MAIL**:
On (*date*) August 21, 2025, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows: Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐        Service information continued on attached page

**3.    SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL**: (state the method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) August 21, 2025, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows:  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

**SERVED BY OVERNIGHT MAIL:**
Honorable Scott C. Clarkson, USBC, 411 West Fourth St., Suite 5130 / 5C, Santa Ana, CA 92701-4593

☐        Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| August 21, 2025 | Danielle Cyrankowski | /s/ *Danielle Cyrankowski* |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |